## Eastman v. Plumer.

A note was made payable to order, and indorsed in blank ; the principal signer on the note being called on for payment, brought the money and paid it over to the holder, who received it as and for payment, and gave up the note to the principal. The money paid in fact belonged to a third person, who sent the principal to purchase it as his agent. *Held*, in an action by the owner of the money against a surety on the note, that the note, as to the surety, was paid, and that the action could not be maintained.

Assumpsit on a promissory note, signed by the defendant with one G. W. Young, payable to J. F. Roby, or order, and by him indorsed in blank.

The defence was payment; and the defendant introduced a witness, who testified that he received the note for a valuable consideration from Roby, who indorsed it in blank ; that afterward he received the amount due on the note from Young, the other signer, in payment of the note, as he understood, and he accordingly delivered it up to him.

The plaintiff introduced Young as a witness, to prove that the note had not been paid, but was still a valid security against himself and this defendant. Young testified that the defendant signed the note as surety for him ; that, being called on for payment of the note by the holder of it, he applied to this plaintiff to purchase the note and hold it till arrangements could be made to pay it, and the plaintiff agreed to do so, and accordingly gave the witness money to buy the note for him ; and the witness paid the amount to the holder of the note, received

it and delivered it to the plaintiff; that he acted in the matter entirely as the agent of the plaintiff, but did not make any mention of these facts to the holder of the note.

The defendant objected, that under' the circumstances stated by the two witnesses there was no such transfer of the note to the plaintiff as would enable him to maintain this action; but for the purposes of this case the objection was overruled. Whereupon a verdict was taken by consent for the plaintiff, subject to the opinion of the court on the questions arising in this case. If the court should be of opinion that the objection of the defendant is valid, then, by agreement of the parties, the verdict is to be set aside and judgment entered for the defendant; otherwise judgment to be rendered on the verdict.

*E. A. Hibbard*, for the plaintiff.

*H. A. Bellows*, for the defendant.

PERLEY, C. J.   The defendant signed the note in question as surety for Young, the other maker; the note was indorsed in blank by Roby, the payee, and the indorsee and holder called on Young, the principal, for payment. Young came with the money, paid it over to the holder, and took the note. The holder called for payment of the party primarily bound to pay, and received of him the amount of the note, as and for payment, without notice of any interest that a third person had in the money paid. The holder therefore made no contract to transfer the note.

The contract of the defendant was to pay the note to Roby, the payee, or his order. By his indorsement in blank, Roby ordered the note to be paid to the indorsee, or to such other person as should become the holder of the note, by transfer of the note from Roby. But the holder under Roby's indorsement has made no transfer of the note as an existing security. He has received the amount due on the note from the principal debtor, and given up the note to him, as paid and discharged. Looking at the case, then, as a mere matter of contract, according to his

original undertaking on the note, the defendant has not bound himself to pay it to this plaintiff, because Roby, the payee, has never ordered the contents to be paid to him.

The holder of the note was not bound to assign it. He might insist that the note should be paid and discharged before he delivered it out of his hand. If he transferred the note by delivery merely, though he would not be liable as indorser, his assignment would still be a contract, involving certain liabilities on his part. He would, for instance, be held to warrant that the note was genuine. Story on Bills 118.

In this case there was no assignment of the note, in any proper sense of those terms, by the holder to this plaintiff, and the defendant made no contract to pay, except to the payee, or an assignee under him.

This has little resemblance to the case where the surety pays a debt and the law subrogates him to the securities which the creditor holds from the principal debtor; or to the case of one interested in a mortgage, who discharges an incumbrance to protect his own interest, and holds a security on the mortgaged property for the money he has advanced. In such cases, though the form of the transaction is payment, and though it operates as payment, so far as to discharge the original debtor from any action on his contract to recover the money, the law keeps the security on foot to protect the equitable interests of the party who has paid his money under such circumstances.

This defendant was surety, and was interested that the note should be paid by the principal. The holder called on the principal to pay, and he came with the money, paid it over, and the note was given up to him by the holder, with the understanding on his part that it was paid and discharged. So far as the holder of the note and the surety had any information, the note was paid, and the surety was discharged, and had a right to rely on the transaction as a payment. But if the plaintiff can maintain this action, the surety might be called on to pay the debt at any time within six years after it fell due, in virtue of a secret arrangement between the plaintiff and the principal debtor,

by which the principal would be enabled to deceive his surety with every appearance of having paid the debt, and so relieved the surety from his liability.

The manifest object of the arrangement with the plaintiff, as stated by the principal debtor, was to gain time, and defer payment longer than the holder of the note would allow, by getting the plaintiff to advance the money and wait for repayment. If the plaintiff intended to resort to the surety for payment, the arrangement was unfair towards him; and if the bargain had been positive to wait on the principal for a definite time, it would have discharged the surety, without regard to any other defence.

On this case we think there was no such transfer of the note to the plaintiff as would give him a right of action on it against this defendant, and that as to him it must be regarded as paid and discharged.

According to the agreement of the parties, the verdict must be set aside and judgment entered for the defendant.